UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CALLENDAR,

                Plaintiff,
  - against -                              **MEMORANDUM & ORDER**
                                            04-CV-3978 (RJD) (KAM)
C.B. CONTRACTING CORPORATION *et al.*,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MATSUMOTO, United States Magistrate Judge**:**

        Defendant CB Contracting seeks an order from this Court reimbursing CB Contracting for preparing for and appearing at a July 26, 2005 deposition of the plaintiff, who failed to appear. The Court has reviewed the foregoing submissions and has determined that plaintiff's failure to appear was not willful but, rather, due to a mis-communication between plaintiff and plaintiff's counsel who has documented that he suffers from a condition that impaired his ability to communicate effectively with plaintiff and opposing counsel. Due to his condition, plaintiff's counsel has withdrawn from this action, pursuant to this Court's order dated October 11, 2005.

        Although CB Contracting does not provide a legal basis for its request for an order dismissing plaintiff's complaint and/or compelling plaintiff to pay CB Contracting's attorney's fees, the Court notes that both Fed. R. Civ. P. 30(d)(3) and Fed. R. Civ. P. 37(b) provide bases for sanctions, including fees, for conduct resulting in the thwarting of a deposition. Rule 30(d)(3) provides in relevant part, "If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof." Rule 37(b)(2) provides in relevant part: "If a party . . . fails to

obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . ." Although plaintiff's deposition was not scheduled pursuant to a specific court order, the Court ordered generally, on June 20, 2005, that discovery proceed between plaintiff and the now dismissed union defendants who scheduled the July 26, 2005 deposition. Accordingly, the Court will apply Rule 37 in determining whether sanctions are appropriate here.

The purpose of granting relief pursuant to Fed. R. Civ. P. 37 is threefold: (1) obtaining compliance with discovery orders; (2) ensuring that the disobedient party does not benefit from non-compliance; and (3) providing a general deterrent in the particular case and litigation in general. Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002). Sanctions available under Rule 37(b)(2) permit the Court to impose, upon either or both the offending party and that party's attorney, monetary sanctions in the form of "reasonable expenses, including attorney's fees," unless the court finds that the offending party's failures were "substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). Courts are granted broad discretion in determining the type of sanction to impose on an offending party, based on all the facts of the case. USA Gateway Inc. v. Spring Travel, No. 03 Civ. 4026, 2004 WL 3030183, at *4 (S.D.N.Y. Dec. 30, 2004).

Plaintiff seeks the harshest sanction, that is, dismissal of the action. See Fed. R. Civ. P. 37(b)(2)(C); Welch v. Alexis, No. 03 CV 2528, 2004 WL 1920810, at *2 (E.D.N.Y. May 26, 2004). Courts determining which sanction, if any, is appropriate must keep in mind the "strong policy favoring trial on the merits." Welch, 2004 WL 1920810, at *2 (quoting In re Barnholdt, 74 B.R. 760, 764 (Bankr. N.D.N.Y. 1987)). The most severe sanction is dismissal, which should only be imposed where the party has demonstrated "willfulness, bad faith, or any

fault." Id. (quoting Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997)) (additional citations omitted).  In determining whether a litigation-ending sanction is appropriate, courts consider such factors as: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance."  Davidson v. Dean, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (citations omitted).  Furthermore, in deciding whether dismissal is proper, sanctions "must be weighed in light of the full record in the case."  In re Rezulin Prods. Liab. Litig., 223 F.R.D. 109, 117-18 (S.D.N.Y. 2004) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 641-42 (1976)).

Plaintiff's former counsel has submitted in camera medical documentation satisfying this Court that counsel was under treatment for a condition which impaired counsel's ability to communicate effectively with his client and opposing counsel about the plaintiff's July 2005 deposition.  Accordingly, in the exercise of its discretion, this Court declines to impose either monetary sanctions or the sanction of dismissal.  The threefold purposes of Rule 37 sanctions set forth above – obtaining compliance with discovery, ensuring that the disobedient party does not benefit from noncompliance, and providing a general deterrent – would not be served by a sanction because plaintiff subsequently has appeared for his deposition, he cannot be said to have benefitted from the failure to appear, and he need not be deterred because he was not at fault in failing to appear at his July deposition.  Moreover, the more onerous discovery sanction of dismissal is not warranted under the circumstances presented in the parties' submissions.  The parties are reminded, however, that they must comply with their discovery obligations and all orders of this court, and that any failure to do so in the future may well result

in sanctions.  The Court is also sympathetic to the fact that CB Contracting needlessly expended funds for its counsel to prepare for and appear at the plaintiff's July 26, 2005, however, an award of fees would be unjust under the circumstances.

For all the foregoing reasons, CB Contracting's request for sanctions is denied.  As previously ordered, CB Contracting is kindly requested to initiate a telephone status conference on November 18, 2005 with plaintiff's new counsel who shall appear by November 14, 2005, or with plaintiff, if plaintiff does not retain new counsel.


**SO ORDERED:**
Dated: October 31, 2005


\_\_/s/_____
Kiyo A. Matsumoto
United States Magistrate Judge